**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN HARTMANN, | No. 13-36188 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-03072-JPH |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

Argued and Submitted June 8, 2016
Seattle, Washington

Before: PAEZ, BYBEE, and CHRISTEN, Circuit Judges.

Steven Nicholas Hartmann appeals the district court's judgment affirming an

Administrative Law Judge's ("ALJ") denial of supplemental security income. We

reverse and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Because the ALJ considered Hartmann's noncompliance with his diabetes treatment program as a factor in her credibility determination rather than as an independent basis for denying benefits, she was not required to comply with the notice and other requirements of Social Security Ruling 82-59. *See Molina v. Astrue*, 674 F.3d 1104, 1114 n.6 (9th Cir. 2012).

**2.** Nonetheless, the ALJ did not provide "clear and convincing" reasons for discrediting Hartmann. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

First, substantial evidence does not support the ALJ's reliance on Hartmann's daily activities. Hartmann testified that at least once each week he suffered disabling symptoms of type I diabetes that prevented him from working. This testimony was not inconsistent with evidence that Hartmann performed simple housework, went for short walks and bike rides, watched television, and cared for his girlfriend's children three days each week. Because Hartmann's daily activities did not "contradict his other testimony," they were not grounds for discrediting him. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Second, substantial evidence also does not support the ALJ's finding that Hartmann's employment history reflects "little propensity to work in his lifetime." To the contrary, Hartmann made four attempts to work in 2006 and 2007 during the

2

short time between high school and his recurrent hospitalization for diabetes-related illness. That is not the "extremely poor work history" that may justify an adverse credibility finding. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Third, the ALJ found that Hartmann failed to follow his diabetes treatment program but failed to consider whether his mental impairments explained his noncompliance. The record evidence demonstrates that Hartmann possesses limited cognitive abilities; indeed, the ALJ included "borderline intellectual functioning" among Hartmann's "severe impairments." Because the ALJ did not address the potential effect of Hartmann's mental impairments, substantial evidence does not support the ALJ's adverse credibility determination on the basis of his noncompliance.

**3.** Therefore, we reverse the district court's judgment and remand so that the ALJ may consider in the first instance and on an open record the extent to which Hartmann's mental impairments affect his ability to comply with his diabetes treatment program. To the extent the ALJ relies on Hartmann's noncompliance with treatment to discount objective medical evidence, as opposed to subjective testimony, she must afford Hartmann the procedural protections of Social Security Ruling 82-59.

**REVERSED AND REMANDED**.